## POSTUM CEREAL CO. v. ENZO JEL CO.
### Patent Appeal No. 2348.

Court of Customs and Patent Appeals.
June 4, 1930.

Edward S. Rogers, of Chicago, Ill., and James L. Norris, of Washington, D. C., for appellant.

Mason, Fenwick & Lawrence, of Washington, D. C. (Edward T. Fenwick, Edward G. Fenwick, and Charles R. Fenwick, all of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing the notice of opposition and holding that appellee was entitled to the registration of its composite trade-mark, the dominant features of which are the words "Enzo Jel," for use on jelly powders.

It appears from the record that the goods of the parties are used for making jelly-like desserts; that they possess the same descriptive properties; that appellant and its pred-

ecessors have used the registered mark "Jell-O" on jelly powders for many years prior to any use by appellee of its trade-mark; that appellant and its predecessors have expended large sums of money in advertising appellant's registered mark, and have sold enormous quantities of jelly powders in packages on which appeared the trade-mark "Jell-O"; and that the goods of the parties are sold in rather small and somewhat similar packages in grocery and other stores to the consuming public.

The record contains many trade-marks registered by others for use on goods possessing the same descriptive properties as the goods here involved. Among them are the following: Fruit-O-Jel, Advo Jel, Nu-Jell, Easy Jell, etc.

It appears from the record that John F. Enz, appellee's predecessor, had used the mark "Enzo" for evaporated milk and other products; and that, after he sold his so-called milk business, he engaged in the business of manufacturing jelly powders, and on April 9, 1926, adopted and used the mark "Enzo Jel" on jelly powders.

It is contended by appellant that "appellee has appropriated its valuable trade-mark Jell-O and has merely reversed it in Enzo Jel. O Jel is Jell-O backwards," and that the use by appellee of its trade-mark will be likely to cause confusion in the trade and deceive purchasers. Indeed, it is contended that confusion has already occurred as a result of the use by appellee of its mark.

The decision of the Commissioner of Patents is concluded with the following observations:

"There is no similarity between the two marks either as to appearance, sound or suggestion, except as to the word 'Jel' or 'Jell' which is descriptive and as such not registerable. It appears from the record that there are many trade names for jelly powders in which the word 'Jell' forms a part of the name.

"The controlling part of the applicant's mark is the word 'Enzo,' derived from the applicant's surname Enz, to which is added the suffix O. There is nothing in the opposer's mark which corresponds in any particular to the applicant's surname."

In the case of Apex Electrical Manufacturing Company v. Landers, Frary & Clark, 41 F.(2d) 99, this court, in an opinion by Graham, P. J., said:

"In our opinion, there has been too much refinement of reasoning by both the Patent Office and counsel in some of these cases in the attempted dissection of words used as trade names. * * *

"In considering whether a trade name will be confusing or not, consideration should be given to the whole word."

The quoted language is particularly applicable to the issues and the contentions of counsel for appellant in the case at bar.

We cannot accept the views of counsel for appellant that the mark "Enzo Jel" is merely the mark "Jell-O" reversed. On the contrary, the marks are quite different in appearance and sound. They do not suggest that the goods on which they are used have a common origin. Accordingly, in our opinion, their use on goods of the same descriptive properties will not be likely to cause confusion or deceit in the trade.

We are in accord with the conclusion reached by the Commissioner of Patents, and his decision is affirmed.

Affirmed.